**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § | |
| | § | |
| **v.** | § | **CRIMINAL NO. 6:21-CR-22(1)-CRW** |
| | § | |
| **ANTHONY GREGPRY TRENT JR.** | § | |

**REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

TO:     THE HONORABLE CHRISTOPHER R. WOLFE,
        UNITED STATES DISTRICT JUDGE

The undersigned submits this Report and Recommendation to the District Judge pursuant to United States Code Title 28, Section 636(b)(1)(c), United States Code Title 18, Section 3401(i), the Court's standing Magistrate Referral Order, and Appendix C of the Local Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges. Before the Court is the petition of the United States Probation Office recommending the revocation of Defendant Anthony Gregory Trent Jr.'s term of supervision. The district judge referred the matter to the undersigned for the preparation of a report and recommendation.

**I.  PROCEDURAL BACKGROUND**

On August 18, 2021, United States District Judge Alan D Albright sentenced Trent Jr. for violations of United States Code Title 18, Sections 922(g)(1) and 924(a)(2), Possession of a Firearm by a Convicted Felon. Judge Albright sentenced Trent Jr. to a 63-month term of imprisonment and a 3-year period of supervised release to follow. He also imposed special conditions requiring Trent Jr. to attend mental health treatment, attend substance abuse treatment, and adhere to search. Finally, Judge Albright imposed a $500 fine and a $100 special

assessment for a total of $600, which Trent Jr. has paid.

Trent Jr. began his original term of supervised release on July 3, 2025. Later that month, Trent Jr. tested positive for Amphetamine/Methamphetamine. The Court did not take any action regarding the positive test, and Trent Jr. remained on supervised release. Then, On November 9, 2025, Killeen Police Department arrested Trent Jr. for DWI and Possession of a Controlled Substance after Trent Jr. failed a field sobriety test and the police found a bagged substance in his vehicle that ultimately tested positive for Methamphetamine.

On November 14, 2025, the United States Probation Office filed a Petition for Warrant or Summons for Offender Under Supervision, alleging that Trent Jr. violated the terms of his supervision in the following ways:

> **Violation Number 1:** Trent Jr. violated Mandatory Condition Number 1, in that, he committed another federal, state, or local crime during the term of supervision.

On June 9, 2026, the Court held a hearing on the petition. At the hearing, Trent Jr. pled **NO CONTEST** to the violation. The petition contained a sufficient factual basis to support a plea of **NO CONTEST**.

## II.  FINDINGS OF THE COURT

Based on Trent Jr.'s sworn statements and other testimony at the hearing, the undersigned finds as follows:

1. Trent Jr. violated the conditions of his supervision as alleged in the petition.

2. Trent Jr. was competent to make the decision to enter a plea of **NO CONTEST**.

3. Trent Jr. had both a factual and rational understanding of the proceedings against him.

4. Trent Jr. did not suffer from any physical or mental impairment that would affect his ability to fully understand the charges against him or the consequences of his plea.

5.      Trent Jr. was not under the influence of any drugs, alcohol, or medication that would affect his judgment in entering a plea or that would affect his understanding of the basis, consequences, or effect of his plea.

6.      Trent Jr. was sane and mentally competent to stand trial for these proceedings.

7.      Trent Jr. was sane and mentally competent to assist his attorney in the preparation and conduct of his defense.

8.      Trent Jr. received a copy of the petition naming him, and he either read it or had it read to him.

9.      Trent Jr. understood the petition and the charges alleged against him.

10.     Trent Jr. had a sufficient opportunity to discuss the petition and charges with his attorney.

11.     Trent Jr. was satisfied with the job his attorney has done and had no complaints about his attorney.

12.     Trent Jr. understood that he had the right to plead NOT TRUE and proceed with a hearing at which he could present evidence and cross-examine witnesses.

13.     Trent Jr. freely, intelligently, and voluntarily entered his plea of **NO CONTEST**.

14.     Trent Jr. understood his statutory and constitutional rights and desired to waive them.

15.     The petition contains a sufficient factual basis to support Trent Jr.'s plea of **NO CONTEST**.

### III.  RECOMMENDATION

The undersigned has carefully considered all the arguments and evidence presented by the parties and **RECOMMENDS** that the District Judge **REVOKE** Trent Jr.'s supervised release and that he be sentenced to the following:

(1) An 18-month term of imprisonment, including credit for any time already served since his arrest, to be served consecutively to the sentence imposed in his related state court case; and

(2) no period of supervised release to follow.

## IV.  WARNINGS

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Judge need not consider frivolous, conclusive, or general objections. *See Battles v. U.S. Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the District Judge of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Judge. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 150–53 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc).

**SIGNED** this 9th day of June, 2026.

DAN N. MACLEMORE
UNITED STATES MAGISTRATE JUDGE